Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Michael H. Dobosz; | No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| Cascade Capital, LLC; Rausch, Sturm, Israel, Enerson & Hornik, LLC; | |
| Defendants. | (Jury Trial Demanded) |

**I. Preliminary Statement**

1. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* In the course of attempting to collect a debt allegedly owed by Plaintiff, Defendants engaged in deceptive, unfair and abusive debt collection practices in violation of the FDCPA. Plaintiff seeks to recover actual damages, and statutory damages, as well as reasonable attorney's fees and costs.

## II.  JURISDICTION

2. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. Venue lies in the Tucson Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendants perpetrated therein.

## III.  PARTIES

3. Plaintiff is a resident of Cochise County, Arizona.
4. Plaintiff is a natural person who is allegedly obligated to pay a debt which was incurred for personal, family, or household purposes.
5. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).
6. Defendant Cascade Capital, LLC ("Cascade") is a California limited liability company.
7. Cascade regularly uses the courts in Arizona to collect consumer debts.
8. Cascade collects or attempts to collect debts which it claims to have purchased or to have been assigned after default.
9. Cascade is a "debt collector" as that term is defined by FDCPA § 1692a(6).
10. Defendant Rausch, Sturm, Israel, Enerson & Hornik, LLC ("Rausch") is a Wisconsin limited liability company with offices in Arizona.
11. Rausch is a consumer debt collection law firm that regularly collects or attempts to collect debts owed or asserted to be owed or due another, from residents within the State of Arizona.
12. Rausch is a "debt collector" as that term is defined by FDCPA § 1692a(6).
13. Rausch's collection actions taken against Plaintiff were taken on behalf

1     of, and as agent for, Cascade.

2    14.    Cascade is liable for the actions of its agent Rausch.

### IV. Factual Allegations

15. Defendant Cascade claims that it is the assignee of an auto loan which originated with Santander Consumer USA Inc. (HSBC).
16. Cascade hired Rausch to assist it collecting the HSBC auto loan from Plaintiff.
17. On June 24, 2015 Defendants filed suit against Plaintiff in the Sierra Vista Justice Court (hereinafter "Suit").
18. Defendants alleged in the Suit that Plaintiff had obtained an automobile loan with Santander Consumer USA Inc. (HSBC).
19. Defendants also alleged in the Suit that Cascade was the assignee of the Santander contract.
20. In the Suit, Defendants have produced documents including the Loan Repayment and Security Agreement between Plaintiff and HSBC.
21. The Agreement shows that it was entered into on February 15, 2006.
22. The Agreement also shows that Plaintiff's address at the time was in Deming, New Mexico.
23. Plaintiff was in fact residing in New Mexico at the time he executed the HSBC loan documents.
24. The HSBC loan was a personal loan used solely for personal, family, or household purposes.
25. Plaintiff subsequently moved his residence to Arizona.
26. At that time Defendants filed the Suit on June 24, 2015, Plaintiff had resided in Arizona for more than a year.

27. In the Suit, Defendants allege that Plaintiff breached the HSBC contract "by failing and/or refusing to make such payments since May 28, 2010."

28. Documentation provided by Defendants in the Suit show that Santander repossessed the collateral, a Dodge truck, and accelerated the balance owed on the HSBC contract on or before June 10, 2010.

29. At the time Defendants filed the Suit, the HSBC debt had been in default for more that four years.

30. Defendants' alleged deficiency claim is time-barred under A.R.S. § 12-544(3).

31. After being sued, Plaintiff sought out and hired counsel to defend Defendants' state court lawsuit.

32. At the time Defendants filed the Suit, they misrepresented to Plaintiff that the debt was not time-barred, and that the Suit was filed within the applicable statute of limitations.

33. However, at the time Defendants filed the Suit, the debt in fact was stale and past the statute of limitations.

34. At the time Defendants filed the Suit against Plaintiff, they knew that the debt was stale and past the statute of limitations.

35. Despite knowing that their claim was stale, Defendants continued to prosecute the Suit against Plaintiff.

36. As a result of Defendants' actions as outlined above, Plaintiff has suffered actual damages including, but not limited to, attorney's fees and court costs associated with the Suit, anxiety, worry, embarrassment, sleeplessness, stress, invasion of privacy, damage to credit and

reputation, and other extreme emotional distress.

37. Defendants' actions as outlined above were intentional, willful, and in gross or reckless disregard of Plaintiff' rights, and part of Defendants' persistent and routine practice of debt collection.

38. In the alternative, Defendants' actions were negligent.

## V.  Causes of Action

### Fair Debt Collection Practices Act

39. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

40. Defendants' violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f, and 1692f(1).

41. As a direct result and proximate cause of Defendants' actions in violation of the FDCPA, Plaintiff has suffered actual damages.

## VI.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendants for:

    a)    Actual damages under the FDCPA;

    b)    Statutory damages under the FDCPA;

    c)    Costs and reasonable attorney's fees; and

    d)    Such other relief as may be just and proper.

DATED  December 17, 2015 .

          s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff